**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON, AT SEATTLE**

| | |
|---|---|
| THE EMPLOYEES PAINTERS TRUST HEALTH AND WELFARE FUND; WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; WESTERN WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 5,<br><br>             Plaintiffs,<br><br>    vs.<br><br>THE WEST CONSTRUCTION COMPANY, INC., a Washington corporation; and JORDAN R. WEST, an individual,<br><br>             Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, THE EMPLOYEES PAINTERS TRUST HEALTH AND WELFARE FUND; WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; WESTERN WASHINGTON

Complaint
(Case No.              )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

1

PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 5, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court also has jurisdiction over this case pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and § 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the district in which the Plaintiff Trusts (defined below) are administered, the signatory union maintains union offices, and where the contractual obligation is to be paid.

## PARTIES

4. Plaintiffs are THE EMPLOYEES PAINTERS TRUST HEALTH AND WELFARE FUND; WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; WESTERN WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, DISTRICT COUNCIL NO. 5 (hereinafter "Trusts").

Complaint
(Case No.            )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

Plaintiffs are express trusts created pursuant to formal written Declarations of Trust (hereinafter "Trust Agreements") between District Council 5 and various employer associations in Western Washington. The Trusts were created and now exist pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 186(c).

5. At all times material herein, District Council 5 has been a labor organization representing employees in the construction industry in Washington, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor-Management Relations Act of 1947, as amended 29 U.S.C. § 185(a).

6. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7. At all times material herein, Defendant THE WEST CONSTRUCTION COMPANY, INC. (hereinafter "West Construction") has been a corporation organized and existing by virtue of the laws of the State of Washington and registered to conduct business in the State of Washington as a contractor.

8. Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Jordan West, an individual, was an officer and shareholder of West Construction and a resident of King County.

## GENERAL ALLEGATIONS

9. West Construction was a signatory employer to the project labor agreement that is known as The City of Seattle Community Workforce Agreement. West signed a letter of assent to be bound to this agreement on October 19, 2016. The letter of assent was signed for West Construction on that date by Jordan West.

10. West Construction employees performed painting and related work on the Fire Station #32 project.

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

11. The project labor agreement bound West Construction to pay fringe benefit contributions to the Trusts for each hour of covered work performed by West Construction's employees on the Fire Station #32 project.

12. West Construction was not bound to make fringe benefit contributions for any of its other projects not covered under the project labor agreement. Article III of the project labor agreement bound West Construction to make the fringe benefit contributions to the Plaintiff Trust Funds.

13. At all times during its performance of painting work on the Fire Station #32 project, West Construction was obligated to the terms and provisions of the Trust Agreements.

14. West Construction is an "employer," as that term is defined in the Trust Agreements.

15. West Construction is an "employer" as defined and used in Section 3(5) of ERISA, as codified at 29 U.S.C. § 1002(5), and therefore, West is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, as codified at 29 U.S.C. § 1145. Plaintiffs are informed and believe and thereon allege that West is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, as codified at 29 U.S.C. § 142(1) and § 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**FIRST CLAIM FOR RELIEF**
**(Breach of Written Project Labor Agreement and Related Trust Agreements – West Construction)**

16. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

17. Under the project labor agreement and trust agreements, and at all times material herein, West Construction was obligated to submit written reports to the Trusts on a timely basis showing the identity of its employees performing painting work on the Fire Station #32 project. West Construction was also required to report the number of hours worked by each of these employees. Furthermore, West Construction promised it would pay fringe benefit contributions to the Trusts on a monthly basis and at

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

4

specified rates for each such hour worked by these employees.  These amounts were due and payable at the Trusts' administrative offices.

18. Under ERISA and the Trust Agreements, West Construction is required to maintain adequate records of the work performed and amounts paid to its employees.

19. Pursuant to the project labor agreement, West Construction was required to submit Certified Payroll Reports and the Affidavit of Wages Paid for the Fire Station #32 project.

20. According to the Certified Payroll Reports and the Affidavit of Wages Paid filed by West Construction, its employees performed 941.25 hours of painting labor on the Project.

21. Beginning in December, 2017, the Trusts retained Lindquist, LLP to perform a payroll compliance audit of West Construction, which is their right under the project labor agreement and trust agreements.

22. West Construction refused to permit an audit of its records, which caused the Trusts to retain The Urban Law Firm and Christensen, James & Martin to assist in securing the audit of West Construction's records.

23. The Certified Payroll Reports and the Affidavit of Wages Paid filed by West Construction were compared to the hours shown in reports submitted to the Trusts to determine whether the correct number of hours and total contributions were paid by West Construction for the Fire Station #32 project.

24. West Construction failed to pay all fringe benefit contributions due for its employees' work on the Fire Station #32 project.

25. Based on review of Certified Payroll Reports and the Affidavit of Wages Paid, West Construction owed the following amounts to the Trusts for its employees' work on the Fire Station #32 project:

/ / /

/ / /

/ / /

/ / /

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

| Contributions | $12,162.16 |
| --- | --- |
| Liquidated Damages | $ 5,535.25 |
| Interest | $    903.83 |
| **TOTAL:** | **$18,601.24** |

26. Pursuant to a lien claim, the general contractor of the Fire Station #32 project paid $7,500.00 to the Trusts. Even giving credit for that payment, West Construction still owes a significant amount to the Trusts.

27. Final demand was sent on June 27, 2018 to West Construction for the payment of the amounts it owes on the Fire Station #32 project.

28. West Construction's attorney requested an extension until August 6, 2018 to respond to the demand, which Plaintiffs' counsel granted.

29. On August 8, 2018, West Construction's counsel responded to state West Construction was going to file amended certified payroll and affidavits of wages to reduce the number of hours on the project.

30. Plaintiffs' counsel informed West Construction's attorney that this would not resolve all amounts owed.

31. The time for West Construction's payment has long since passed and the time to respond to demand has long since passed.

32. West Construction was given written notice of its non-performance and a demand to perform. West Construction has failed and refused, and continues to fail and refuse, to cure the breach of its obligations to the Trusts.

33. There is no legal excuse for West Construction's breach of the project labor agreement and related trust agreements.

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

34. As of the date of filing this complaint, West Construction is "delinquent," as that term is used in the Trust Agreements.

35. Under the project labor agreement and trust agreements, West Construction agreed that in the event it failed to pay contributions or contract damages when due, West Construction would be considered delinquent with the Trusts and would pay the Trusts the sum of $100.00 per month or twenty-percent (20%) of the total amount then due, whichever is greater, as liquidated damages for each monthly delinquency.

36. Pursuant to the terms of the project labor agreement and Trust Agreements, West Construction also promised that, in the event of any delinquency, it would pay any legal and auditing costs in connection with such delinquency, whether incurred before or after litigation commenced.

37. Under the project labor agreement and related Trust Agreements, West Construction agreed that in the event of any delinquency, it would pay the Trusts' attorney's fees and costs incurred in connection with obtaining the cure of West Construction's delinquency, whether incurred before or after litigation is commenced.

38. It has been necessary for the Trusts to engage The Urban Law Firm and Christensen, James & Martin for the purpose of collecting the amounts due. Pursuant to the project labor agreement and the provisions of the Trust Agreements, the Trusts are entitled to their reasonable attorneys' fees in connection therewith.

39. Pursuant to the project labor agreement and Trust Agreements, West Construction owes the Trusts interest, at the contractual rate, on all unpaid contributions from the dates the sums were originally due to the Trusts to the date of judgment. Upon entry of judgment, the Trusts are entitled to post-judgment interest at the highest rate allowed by law. The amount of said interest will be established by proof at trial.

/ / /

/ / /

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

## SECOND CLAIM FOR RELIEF
**(Breach of 29 U.S.C. § 1145 – West Construction)**

40. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

41. 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

42. The project labor agreement is a collectively bargained agreement and West Construction was obligated to contribute to the Trusts pursuant to that agreement.

43. West Construction did not pay the contributions it was required to make to the Trusts, which means it violated 29 U.S.C. § 1145.

44. West Construction's violation of 29 U.S.C. § 1145 entitles the Trusts to recover liquidated damages, interest, and attorney's fees and costs under 29 U.S.C. § 1132(g)(2).

## THIRD CLAIM FOR RELIEF
**(Breach of Written Trust Agreement – Jordan West)**

45. Plaintiffs hereby incorporate by reference all prior paragraphs of this Complaint, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

46. The project labor agreement signed by Jordan West incorporates the terms of the trust agreements that govern the Trusts.

47. The Trust Agreement of the Employee Painters Trust Health and Welfare Fund specifically states corporate principals and officers are personally liable for the payment of fringe benefit contributions owed to that specific trust.

48. West Construction owes $6,031.53 to the Employee Painters Trust Health and Welfare Fund for its employees' work on the Fire Station #32 project.

Complaint
(Case No.            )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

8

49. As a result of the specific language of the Trust Agreement, Jordan West owes $6,031.53 to the Employee Painters Trust Health and Welfare Fund.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against The West Construction Company and Jordan West as follows:

1. For unpaid fringe benefit contributions in amounts as proved;
2. For damages for breach of contract in amounts as proved;
3. For liquidated damages in amounts as proved;
4. For prejudgment interest at the contractual rate;
5. For interest at the rates established by the trust agreements until paid in full;
6. For Plaintiffs' reasonable attorneys' fees;
7. For Plaintiffs' costs of suit incurred herein;
8. For such additional relief as this Court deems just and proper.

Dated:  August 17, 2018

**THE URBAN LAW FIRM**

   */s/ Nathan R. Ring*
Nathan R. Ring, Esq., WSBA No. 46271
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
nring@theurbanlawfirm.com
*Attorney for Plaintiffs*

Complaint
(Case No.                    )

**THE URBAN LAW FIRM**
**and**
**CHRISTENSEN JAMES & MARTIN**
11900 NE 1st Street, Suite 300, Building G
Bellevue, WA 98005
P. (425) 646-2394 / (702) 968-8087
F. (425) 462-5638 / (702) 968-8088
NRING@theurbanlawfirm.com
*Counsel for Plaintiffs*

9